IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SAMMY L. WASHINGTON, #446849 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv531 |
| AMY JONES, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Sammy L. Washington, an inmate confined at the Powledge Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on November 17, 2009. On May 11, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Supervisor Ginger Lively, Assistant Warden Dwayne Dewberry and Nurse Tara Patton testified under oath about prison policies and information contained in the Plaintiff's prison records.

1

Plaintiff testified that he has been requesting to be classified in SAT 2 (or "S2")[1] prisoner status for the past couple of years in order to obtain on-the-job training opportunities and certification. He believes this will prepare him for review by the Board of Pardons and Paroles and to obtain a job upon his ultimate release from custody. He asserted that he has had no major disciplinary infractions for the past six years, and that he is therefore eligible for the S2 status. He acknowledged that his ongoing psychiatric treatment made him ineligible for an "outside" trustee position associated with S2 status, but asserted that he could still be classified S2 as an "inside" prisoner. His complaint claims that Defendant Amy Jones, the Unit Classification Officer, is discriminating against him by not granting him S2 status. Further, his complaint claims retaliation by Major Donna Kazmierczak and Unit Grievance Coordinator Angelia Dugger.

The Plaintiff submitted a copy of his grievance records with the original complaint. A second copy of the grievance records was provided by the prison system for purposes of the *Spears* hearing. The Plaintiff testified that the Court could review his records. The response to his Step 2 grievance reveals that the following response was provided:

> Your claims have been investigated. You were properly advised at the unit level. You are currently a SAT 3 status, you are not eligible for SAT 2 status at this time due to your severe institutional adjustment record. No additional action is warranted.

The response is dated May 29, 2009.

Plaintiff first alleges that discrimination by Unit Chief of Classification Amy Jones. The Equal Protection Clause commands that no State shall "deny to any person within its jurisdiction the

---

[1] A prisoner classified SAT 2 is also classified General Population Level I Custody ("G1/J1) status. *See* TDCJ-CID Classification Plan, at 74 (Oct. 2003). A G1 prisoner is a trustee who may live in an "outside" trustee camp.

equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985); *Plyler v. Doe*, 457 U.S. 202, 210, 102 S. Ct. 2382, 72 L. Ed. 2d 786, *r'hng denied*, 458 U.S. 1131, 103 S. Ct. 14, 73 L. Ed. 2d 1401 (1982). To succeed in an equal protection claim, a plaintiff must allege facts showing purposeful discrimination resulting in a discriminatory effect among persons similarly situated. *McCleskey v. Kemp*, 481 U.S. 279, 351, 107 S. Ct. 1756, 95 L. Ed. 2d 262, *r'hng denied*, 482 U.S. 920, 107 S. Ct. 3199, 96 L. Ed. 2d 686 (1987); *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (quoting *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992)). A plaintiff must allege specific acts supporting a claim of discrimination, as opposed to his personal belief that discrimination played a part in the situation. *Woods*, 51 F.3d at 580.

Here, Plaintiff contends that Ms. Jones discriminated against him by refusing his request for S2 classification because he is "on the psyc [*sic*] case load and by refuseing [*sic*] me trusty status." Complaint at 3.

During the *Spears* hearing, Plaintiff testified that he is currently in SAT 3 (or "S3") (and also "G2") status but sought classification as an S2 because it would allow him to be assigned janitorial work to better prepare him for employment after his discharge. Also, he asserted, S2 status as a trustee would look better when he is under consideration by the Board of Pardons and Paroles. He admitted that he knew he could not be given "outside" trustee status to live in a trustee camp because

3

of his ongoing counseling and medical treatment as a psychiatric patient, and would remain in G2 status as an "inside" prisoner. Nonetheless, he asserted that he could still be classified S2 and remain a G2 "inside" prisoner for the purpose of obtaining the janitorial assignments he desired for on-the-job training certification.

Warden Dewberry testified that what Plaintiff was seeking was an "S2 Restricted" classification that has been phased out and few such classifications remain any longer. He also testified that as an S3, Plaintiff earned the same amount of good time as he would as an S2 and therefore would not be disadvantaged on that basis by remaining an S3. Furthermore, he testified that the Board of Pardons and Paroles used a different classification system from TDCJ-CID, and would primarily consider Plaintiff's disciplinary history and current disciplinary status. Having reviewed Plaintiff's record, Warden Dewberry testified that although Plaintiff had previously been in administration segregation, he was no longer in that status and had gone several years without a major disciplinary incident. He called Plaintiff's progress a "vast improvement" and believed that the Board of Pardons and Paroles would consider that much more than a trustee classification, though he admitted that S2 status would look good. He reiterated, however, that "inside" or "restricted" S2 assignments for G2 prisoners, such as Plaintiff, were no longer available.

Regional Grievance Supervisor Ginger Lively testified that, under the formal, written TDCJ-CID Classification Plan, Plaintiff is simply ineligible for assignment as a G1-S2. She cited nine characteristics for G1-S2 status, all of which must be met to achieve such a classification. She quoted the second such characteristic:

> [N]o evidence of current psychological instability, based on the recommendation of mental health professional treatment staff, which would negatively impact the offender's ability to successfully function in General Population Level I (G1/J1) custody[.]

4

TDCJ-CID Classification Plan, at 74. Ms. Lively testified that this formal policy precluded Plaintiff's assignment to S2, and necessarily G1, status because of his psychiatric treatment status.

Nurse Tara Patton testified that Plaintiff is a psychiatric patient receiving ongoing mental health counseling and medications. Further, he has been treated on an inpatient basis at the Skyview Psychiatric Facility, where prisoners undergoing acute crises requiring inpatient care, treatment and monitoring are sent. Based on Plaintiff's medical records, Nurse Patton testified that he had been treated at the Skyview unit as recently as August 2009 and February - March 2010.

Plaintiff acknowledged the truth of the foregoing testimony, but continued to assert that he could be assigned S2 status without being reclassified into the G1 population. Warden Dewberry reiterated his contrary testimony that Plaintiff could not be classified G2/S2, simply because that combination of classifications had been disestablished.

Based on the foregoing testimony, Plaintiff has not alleged any facts showing that he was the victim of discrimination. He has not alleged any facts showing that one or more Defendants took a particular course of action against him because he was a member of an identifiable group and thereby denied him "equal protection of the laws." *Cleburne*, 473 U.S. at 439.. The discrimination claim is conclusory. Specifically, the formal Classification Plan implemented by TDCJ-CID and updated in 2003 simply does not permit the combination of classifications Plaintiff seeks. That applies to the entire prison population. None of Plaintiffs allegations support a contention that the Classification Plan represents any type of purposeful discrimination. *McCleskey*, 481 U.S. at 351; *Muhammad*, 966 F.2d at 903. Thus, his claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. Therefore, it is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also claims retaliation by Major Kazmierczak and Ms. Dugger. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.), *r'hng* and *r'hng en banc denied*, 203 F.3d 826 (5th Cir. 1999). Officials may not retaliate against an inmate for using the grievance system. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989). A plaintiff must allege facts showing that the defendant possessed a retaliatory motive. *See Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir.), *cert. denied*, 488 U.S. 840, 109 S. Ct. 108, 102 L. Ed. 2d 83 (1988); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985). He must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995, 118 S. Ct. 559, 139 L. Ed. 2d 400 (1997); *Jones*, 188 F.3d at 324-25. Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir.), *cert. denied*, 488 U.S. 985, 109 S. Ct. 540, 102 L. Ed. 2d 570 (1988). Moreover, he must show that "but for" a retaliatory motive, the defendants would not have engaged in the action. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id*. Finally, the retaliatory adverse act must be more than a de minimis act. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir.), *cert. denied*, 549 U.S. 1038, 127 S. Ct. 596, 166 L. Ed. 2d 443 (2006).

Here, Plaintiff alleges that Donna Kazmierczak, Major of Correctional Officers, retaliated against him "by takeing [*sic*] my janitor job, that robbed me of my O.J.T. certificate [ ] [f]or filing

grievances on her female friend." Complaint at 3. Additionally, he alleges that Angelia Dugger, the Unit Grievance Coordinator, has retaliated against him "by throwing away my grievances or refuseing [sic] to return the grievances that I filed against Major Kazmierczak[ ] and Ms. Amy Jones." *Id*.

At the *Spears* hearing, however, Plaintiff testified that he included Major Kazmierczak in his complaint because he was just trying to get a custodial job for on-the-job training. He stated that a way to obtain such work assignments was to ask the correctional officers, such as Major Kazmierczak, for them. He did not complain that Major Kazmierczak had retaliated against him for asking and never described any connection to his having filed grievances against any friend of the Major's. He simply was displeased that the had not been able to obtain a janitorial position that would certify him in the skills - such as buffing and waxing with a buffing machine - that he desired.

Similarly, he testified that the only reason he included Ms. Dugger was because ever since she became Unit Grievance Coordinator, Plaintiff rarely received back any grievances he filed with her. Again, he did not relate the failure to return any grievance to an act of retaliation by Ms. Dugger for anything Plaintiff had done.

Based on the foregoing testimony, Plaintiff does not assert viable claims of retaliation, much less show that "but for" a retaliatory motive, the Defendants would not have refused him S2 status or the job assignment he desires, or, in the case of Ms. Dugger, that she would have returned his grievances. *Woods*, 60 F.3d at 1166. Moreover, an inmate's claim that the job he is given "represents retaliation for his prior complaints," but is not supported with any allegation of a factual basis is merely conclusory and frivolous. *Moody*, 857 F2d at 258. Here, Plaintiff's retaliation claims similarly fail to state a claim upon which relief may be granted and are frivolous in that they lack any

basis in law and fact.  Therefore, they are also dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff's vast improvement in his disciplinary status and his obvious desire to enhance his chances with the Board of Pardons and Paroles and ultimately to obtain a job after his discharge are all commendable and he is encouraged to continue his course of improvement.  However, baseless and therefore frivolous claims in a lawsuit are not a way to achieve those ends.  It is therefore

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **20** day of **May, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE